UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GERALD BERNARD WARD #372912         CIVIL ACTION NO. 17-cv-1490

VERSUS                              JUDGE ELIZABETH E. FOOTE

PARISH OF BOSSIER                   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Gerald Bernard Ward ("Petitioner") was convicted by a Bossier Parish jury of distribution of cocaine and was sentenced to 25 years at hard labor. He challenged the sufficiency of the evidence and his sentence on appeal, and both matters were affirmed. State v. Ward, 209 So.3d 228 (La. App. 2d Cir. 2016), writ denied, 227 So.3d 827 (La. 2017). He also filed a post-conviction application in state court.

Petitioner filed his federal habeas corpus petition on a form that allows a prisoner to list up to four grounds for relief. Petitioner set forth arguments under each of the four available spaces, but his argument was the same for each of them. He argues that the evidence was insufficient to support his conviction because, he contends, the key police-officer witness did not see the hand-to-hand transfer of cocaine, and the actual seller was another man who lived in the area. For the reasons that follow, it is recommended that the petition be denied.

**Relevant Facts**

Officer Shawn Poudrier testified that he met with a confidential informant ("CI") on the afternoon of the buy. The CI told the officer that he had arranged a buy from Petitioner. Officer Poudrier searched the CI, which included the removal of his shoes, socks, and hat. His shirt was pulled up, and he was required to unfasten and shake his pants. He was patted down thoroughly. The CI's bicycle was examined for any hidden compartments. Poudrier gave the CI $30 of marked buy money and a key fob that included an audio-video recording device.

Officer Poudrier testified that he followed the CI to Montgomery Street, where the buy was to happen. He saw the CI pull over on the side of the road, and Petitioner walked out and contacted the CI. Officer Poudrier said he saw a hand-to-hand transaction where the CI handed Petitioner some money, and Petitioner handed the CI something in return. The exchange happened very quickly, and the seller said nothing except to ask for the money. Officer Poudrier followed the CI back to a meeting area, where the CI produced three small green bags that contained what appeared to be rocks of crack cocaine.

Lt. Gary Bass, a crime scene investigator, testified to establish the chain of custody of the three bags of cocaine recovered by Officer Poudrier from the CI. Bass also introduced a crime lab report that showed that the material in the bags contained cocaine. Petitioner was charged with distribution of the 0.3 grams of cocaine. The main issue for the jury was whether Petitioner was the man who sold those bags of drugs to the CI.

The audio/video recording of the transaction was played for the jury. (A disk with the recording is in this court's record at Doc. 23.) The recording is shaky because it was

taken from the fob that the CI had with him on a bicycle. The recording is over eight minutes long. It begins with the officer narrating that it is a CI buy of $30 of crack cocaine from Gerald Ward, which is followed by about four minutes of the CI pedaling to the meeting. The hand-to-hand transaction lasts only seconds, and little is said that can be understood except that one of the men says "thirty." There is a clear but very quick view of the man who sold to the CI, but the video did not capture the actual hand-to-hand exchange of money and drugs. The last four minutes of the recording is the CI returning on his bicycle to meet with the officer. There is no indication on the recording that Petitioner engaged with any other person or otherwise had the opportunity to purchase cocaine during his journeys to and from the meeting.

The prosecution froze points in the recording and printed still photographs of the seller, and the photos included several clear photos of the man's face. Those photos (Doc. 22) were introduced to the jury, and Officer Poudrier identified Petitioner in open court as the man he saw selling to the CI. Poudrier estimated that he was 75 to 100 yards away on an adjacent block, but he did not have binoculars. Poudrier's testimony is in the record at Docs. 16 and 22, Tr. 420-50.

There was no fingerprint or DNA evidence taken from the bags. The buy money was not found on Petitioner, but Officer Poudrier explained that Petitioner was not arrested until a roundup several months after the transaction. The prosecution did not call the CI to testify, but it did disclose the identity of the CI to the defense. The defense elected not to call the CI as a witness or to present any other evidence. The jury returned a verdict of guilty.

**The State Court Decision**

Petitioner was represented by counsel on direct appeal. He argued on appeal, as he does here, that the evidence was insufficient. In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). The Jackson inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 113 S.Ct. 853, 861 (1993).

The state appellate court conducted a thorough review of the evidence and applied the Jackson standard. The applicable statute, La. R.S. 40:967A(1), makes it unlawful for any person knowingly or intentionally to distribute a controlled dangerous substance classified in Schedule II. There was evidence from the crime lab that the three bags contained cocaine, and the chain of custody tracked those bags back to the man who sold them to the CI. The issue was whether Petitioner was the man who sold those bags of cocaine to the CI.

The appellate court reviewed Officer Poudrier's testimony, the audio-video recording, and the still photos. It also considered Officer Poudrier's in-court identification of Petitioner as the man he saw engage with the CI. The court found the evidence was sufficient to sustain the conviction for distribution of cocaine. It noted that identification by only one witness, when reasonably believed by the fact finder, is sufficient to sustain a conviction. State v. Ward, 209 So.3d at 230-33.

**Habeas Review**

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).  Thus a state-court decision rejecting a sufficiency challenge is reviewed under a doubly deferential standard.  It may not be overturned on federal habeas unless the decision was an objectively unreasonable application of the deferential Jackson standard.  Parker v. Matthews, 132 S.Ct. 2148, 2152 (2012); Harrell v. Cain, 595 Fed. Appx. 439 (5th Cir. 2015).

Petitioner argues that Officer Poudrier did not see the transfer of the cocaine from his distant position, but Officer Poudrier testified that he saw an exchange between Petitioner and the CI.  When that exchange was completed, the CI no longer had the marked buy money, but he did have possession of the cocaine.  Petitioner also argues that the video and photo evidence did not show the hand-to-hand exchange, but there was testimony and other evidence to support a finding that the exchange happened.

The state court decided that the evidence was sufficient to support the conviction. On habeas review, "the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S. Ct. 2060, 2065 (2012).  Even if this court disagreed with the verdict, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge

simply because the federal court disagrees with the state court." Cavazos v. Smith, 132 S. Ct. 2, 4 (2011). "The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id.

The state court's decision was a reasonable application of Jackson to the facts and the verdict, so there is no basis for habeas relief from the conviction.

Accordingly,

It is recommended that Petitioner's petition for write of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a

certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of January, 2021.

*[signature]*

Mark L. Hornsby
U.S. Magistrate Judge